# DISTRICT COURT OF GUAM

| | |
|---|---|
| REXIELITO J. GLORY,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA SANDERS,<br><br>Respondent. | Civil Case No. 09-00031<br><br>**OPINION AND ORDER<br>RE: PETITION FOR 28 USC 2241<br>PURSUANT TO HABEAS CORPUS<br>STATUTES 2241 - 2255** |

This matter is before the court pursuant to a "Petition for 28 USC 2241 Pursuant to Habeas Corpus Statutes" filed by *pro se* Petitioner Rexielito Glory on December 28, 2009. Docket No. 1. Upon review of the Petitioner's submission, as well as relevant caselaw and authority, the court hereby **DENIES** the petition and enters a final order adverse to the Petitioner, and **DENIES** a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## I.   FACTUAL BACKGROUND

The Petitioner was charged in an Indictment June 20, 2001 with three counts of Conspiracy to Import Methamphetamine Hydrochloride in violation of 21 U.S.C. §§ 952(a), 960 and 963 and 18 U.S.C. § 2; one count of Importation of Methamphetamine Hydrochloride in violation of 21U.S.C. § 952 and 18 U.S.C. § 2; and one count of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) 846, and 18 U.S.C. § 2. *See* Docket No. 1, Criminal Case No. 01-00061. He entered a guilty plea to the distribution count on August 15, 2001. *See* Docket Nos. 11 and 12, Criminal Case No. 01-00061. On December 12, 2001, the

court sentenced the Petitioner to two hundred sixty-two (262) months of imprisonment. *See* Docket No. 20, Criminal Case No. 01-00061. Judgment of conviction was entered on December 19, 2001. *See* Docket No. 21, Criminal Case No. 01-00061. In January 2, 2002, the Petitioner filed an appeal with the Ninth Circuit, which affirmed his conviction on January 17, 2003. *See* Docket Nos. 22 and 42, Criminal Case No. 01-00061.

The Petitioner then filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on March 29, 2003. *See* Docket Nos. 46 and 53, Criminal Case No. 01-00061. This court denied his motion in its entirety on July 7, 2005, finding that there was no merit to the Petitioner's arguments that his sentence was unlawful and that he was subject to ineffective assistance of counsel. *See* Docket No. 54, Criminal Case No. 01-00061. The Petitioner requested a certificate of appealability, which this court denied on August 10, 2005. *See* Docket Nos. 56 and 57, Criminal Case No. 01-00061. He then requested a certificate of appealability from the Ninth Circuit, which was denied on November 22, 2005. *See* Docket No. 63, Criminal Case No. 01-00061.

## II.     DISCUSSION

The Petitioner now seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, and makes several arguments challenging the legality of his conviction. *See* Docket No. 1, Civil Case No. 09-00031.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). However, a prisoner may invoke the "escape hatch" or "savings clause" of § 2255 and "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 864-65 (quoting 28 U.S.C. § 2255).

Although the Petitioner's pleading is styled as a § 2241 petition, this court must "address the initial jurisdictional question" and examine whether the petition is brought under § 2241 pursuant to the savings clause or under § 2255. *Id.* at 866 ("Because Congress made a deliberate

1 choice to give jurisdiction over § 2241 petitions and § 2255 motions to different courts, a district
2 court is obligated to determine whether a petition falls under § 2241, pursuant to the savings
3 clause, or under § 2255"). A § 2241 petition "that contests the legality of a sentence by falling
4 under the savings clause" must "be heard in the custodial court." *Id.* at 865. The Petitioner is
5 incarcerated in the Federal Correctional Institution in Lompoc, California; therefore, the
6 "custodial court" is the Eastern District of California. " On the other hand, § 2255 motions must
7 be heard in the sentencing court," *id.*, in which case, this court would have jurisdiction.

        **A.**     **Whether the "escape hatch" or "savings clause" applies**

9 "[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a
10 claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that
11 claim.'" *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*,
12 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)). The Petitioner must
13 satisfy both prongs of this test.

14 "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is
15 tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S.
16 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998): 'To establish actual innocence, petitioner must
17 demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror
18 would have convicted him.'" *Stephens*, 464 F.3d at 898 (quoting *Bousley*, 523 U.S. at 623)
19 (internal quotation marks omitted)). In short, the Court held that "actual innocence means
20 factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

21 Review of the petition reveals that the Petitioner's arguments do not claim factual
22 innocence, but are grounded in "mere legal insufficiency." *Id.* The Petitioner contends this
23 court lacked jurisdiction and that "facially jurisdiction lies in the Philippines" because the events
24 giving rise to the indictment occurred in the Philippines. Docket No. 1, pp. 6 and 8. He also
25 makes arguments based on the plea agreement: that the court improperly amended the plea
26 agreement, that the Government prosecutor violated the "letter and spirit" of the plea agreement,
27 ///
28 ///

and that he was punished against the terms of the plea agreement.[1] *See* Docket No. 1, pp.7-10. He objects to the "upward departure" for his leadership role in the conspiracy, and contends that he received ineffective assistance of counsel. *See id.*, pp. 7-10. Finally, he challenges this court's jurisdiction in light of *Booker* and *Fanfan*, and argues, *inter alia*, that a presentence report "with constitutional errors . . . cannot create subject matter jurisdiction" and that "the erroneous information contained in the [presentence report] cold have intruded and perplexed " the sentencing judge. *See id.*, p. 11-15.

The Petitioner bears the burden of proving actual innocence by a preponderance of the evidence. *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000). However, because he raises legal arguments, he fails to meet his burden of showing actual innocence. Thus, the Petitioner cannot the invoke the savings clause of § 2255, and cannot proceed under § 2241. Because "the savings clause does not come into play . . . then [the] petition must be construed as a petition under § 2255." *Hernandez*, 204 F.3d at 866.

**B.     Whether the petition is brought under § 2255**

"As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). This provision allows a federal prisoner claiming that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" to "move the court which imposed the sentence to vacate, set aside or correct

---

[1] The record reveals that the plea agreement signed by the Petitioner contained a provision stating that if he provided substantial assistance to federal investigative agencies, the Government would seek a downward departure from the statutory minimum sentence and Sentencing Guidelines. *See* Docket No. 11, Criminal Case No. 01-00061. During the Change of Plea hearing on August 15, 2001, the Petitioner indicated his understanding of this provision. *See* Docket No. 38, Criminal Case No. 01-00061. During the sentencing hearing on December 12, 2001, the Government prosecutor indicated that the Petitioner had not provided substantial assistance and refused to testify against his family members. Docket No. 38, Criminal Case No. 01-00061. The Petitioner's counsel stated that "all other unindicted and indicted co-conspirators have already pled, so there was no opportunity to do anything." Docket No. 38, Criminal Case No. 01-00061.

the sentence." 28 U.S.C. § 2255(a).

In this case, it is undisputed that the Petitioner filed a § 2255 motion on March 29, 2003, which was denied on July 7, 2005. *See* Docket Nos. 46, 53 and 54, Criminal Case No. 01-00061. He was denied a certificate of appealability from this court on August 10, 2005, and from the Ninth Circuit on November 22, 2005. *See* Docket Nos. 57 and 63, Criminal Case No. 01-00061. Therefore, this court examines the instant petition as a "second or successive" petition. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Moreover, strict limitations are placed on second or successive petitions. *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (citing 28 U.S.C. § 2244(b)); *see also United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009) (stating that the "AEDPA imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions.").

Nothing in the record demonstrates that the Petitioner satisfied the "§ 2255(h) gatekeeping requirements" by obtaining the requisite certification from a Ninth Circuit panel of judges. *Lopez*, 577 F.3d at 1068. The Petitioner himself does not claim that he sought or received such certification. Because the Petitioner was not granted the requisite certification from the Ninth Circuit to bring this successive petition, this court lacks jurisdiction to rule on his petition. *See Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam) (holding that the district court lacked jurisdiction to consider a second or successive application because the petitioner did not first obtain authorization as required by the AEDPA).

### III.  CONCLUSION

The court finds that the "Petition for 28 USC 2241 Pursuant to Habeas Corpus Statutes" is a "second or successive" petition. Because the Petitioner has failed to obtain the requisite

certificate of appealability from the Ninth Circuit prior to filing this action, this court has no jurisdiction to hear the matter.

Accordingly, the court **HEREBY DENIES** the "Petition for 28 USC 2241 Pursuant to Habeas Corpus Statutes," enters a final order adverse to the Petitioner, and further **DENIES** a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SO ORDERED.**

/s/ Frances M. Tydingco-Gatewood
 **Chief Judge**
**Dated: Sep 16, 2010**